FLORES, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 536.—Decided July 28, 1922.

RECORD OF TITLE—POWER OF ATTORNEY—AUTHENTICATION.—A power of attorney executed before a notary public in the United States can not serve as authority for recording a title in Porto Rico if the said power of attorney has not been authenticated by one of the officials specified in section 69 of the Law of Evidence.

ID.—COMMUNITY PROPERTY—SEPARATE PROPERTY.—It is a curable defect not to show the separate character of property sought to be recorded as such by one of the spouses, the mere statement of the other spouse as to the private origin of the money paid for the property not being sufficient.

The facts are stated in the opinion.

*Mr. M. A. Rivera* for the appellant.

The respondent did not appear.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Deed No. 59 executed on November 30, 1921, before notary Manuel A. Rivera, whereby Silverio Carattini y Carattini, as attorney in fact of Pedro Rosario Carattini, sold to Josefa Flores y Planellas, a married woman, an urban property situated in Aibonito, was presented for record in the Registry of Property of Guayama. In the said deed it was also stated that the property acquired was not community property because the money paid for it by the grantee was her separate property.

The registrar refused the record on the ground that the power of attorney of Silverio Carattini y Carattini, which was copied into the deed, was not duly legalized. He also assigned as a curable defect that it was not shown that the money paid for the property was the separate property of the grantee.

The decision of the registrar was appealed from and submitted to the court for final decision.

It is shown that Pedro Rosario Carattini, residing in

the city of Baltimore, Maryland, appeared before notary William E. Schol and executed the power of attorney referred to and inserted in the deed of sale, but it does not appear from the power of attorney nor from another document that the signature of the notary was authenticated or legalized in any manner.

Section 69 of the Law of Evidence, as amended by the Act of February 24, 1906, reads as follows:

"Sec. 69.—Other official documents may be proved as follows:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"7. Documents of any other class in a State of the Union, by the original or by a copy, certified by the legal keeper thereof, together with the certificate of the secretary of state, a judge of the supreme, superior, or county court, or mayor of a city of such State that the copy is duly certified by the officer having the legal custody of the original."

That statute is applicable to the present case and the appellant may observe that there exists in our statutes a clear provision which prescribes the manner in which documents executed by a notary in a State of the Union should be legalized in order that they may have full legal effect in Porto Rico.

Consequently, it not appearing from the deed of sale, nor from any other document, that the power of attorney executed by Pedro Rosario Carattini before notary William E. Schol is accompanied by a certificate issued by any of the officials to which the said statute refers authenticating the signature of the notary, it is easy to comprehend that the registrar was justified in refusing to record the sale, inasmuch as in the absence of the authentication of the notary's signature the power of attorney has rather the nature of a private document for the purposes of the registry.

Having arrived at the conclusion that the deed of sale can not be recorded, consideration of the second curable

defect assigned may be omitted. However, it is well to say that the mere statement of the other spouse is not sufficient, as held by this court in *Feliú et al.* v. *Registrar*, 16, P. R. R. 728.

In the present case, besides the admission of the husband the separate source of the money invested in the purchase is fixed in the deed by reference to concrete facts. These facts being established, the separate character of the property would be proved. See the decisions of this court in the cases of *Sociedad Protectora de Niños* v. *Registrar of San Juan*, 29 P. R. R. 909, and *Hernández* v. *Registrar of San Juan, ante,* page 84.

For the foregoing reasons the registrar's decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.